# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * * * * * * *
MICHAEL IBARRA,                     *
                                    *   No. 23-284V
              Petitioner,           *
                                    *   Special Master Christian J. Moran
                                    *
v.                                  *
                                    *   Filed: October 28, 2025
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
              Respondent.           *
* * * * * * * * * * * * * * * * * * * * * * * *
```

Mark Sadaka, Law offices of Sadaka Associates, LLC, Englewood, NJ, for petitioner;

Ryan Pyles, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Michael Ibarra ("petitioner") alleged that the Human Papillomavirus 9-valent ("HPV9") vaccines he received on February 27, 2020 and August 4, 2020 caused him to suffer vaccine-induced myalgias, joint pain, and telogen effluvium. On October 27, 2025, petitioner moved for a decision dismissing his petition.

### I. Procedural History

Petitioner filed a petition for compensation on February 27, 2023, alleging that the HPV9 vaccines he received on February 27, 2020 and August 4, 2020 caused him to suffer vaccine-induced myalgias, joint pain, and telogen effluvium

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

within days later.  Pet. at 2.  He filed medical records and affidavits over the next few months.

The Secretary filed his Rule 4(c) report on January 12, 2025, contesting entitlement.  The Secretary argued that petitioner had not provided preponderant evidence satisfying causation of the Althen prongs between his condition and the HPV9 vaccines.  Resp't's Rep. at 8-10.  Further, the Secretary noted that petitioner had not submitted an expert report in support of his claim, nor other reliable medical evidence from petitioner's medical records supporting causation sufficient to meet his burden of proof.  Id. at 10.

The undersigned issued an Comprehensive Scheduling Order for petitioner to file his expert report by April 25,2025.  A status conference was held on October 16, 2024 to allow the parties to discuss the Comprehensive Scheduling Order.  During this conference, petitioner stated that he was on track to meet the deadline. Two additional orders affirmed the expert report deadline. See Order, issued Oct. 16, 2024; See Order, issued Nov. 20, 2024.  After being granted three extensions of time to submit his expert report, petitioner never submitted any expert reports.  The undersigned issued an order to show cause to be submitted by October 27, 2025.  Petitioner responded to the order to show cause by filing a motion to dismiss.  Pet'r's Mot. to Dismiss, filed Oct. 27, 2025.

## II.   Analysis

To receive compensation under the National Vaccine Injury Compensation Program ("Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine.  See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).

In this case, petitioner filed medical records and an affidavit.  Nonetheless, petitioner wishes to have his claim dismissed and judgment entered against them.  Petitioner filed his dismissal pursuant to 42 U.S.C. § 300aa-21(a)(2).  Pet'r's Mot., filed Oct. 27, 2025 at 2.

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law." For causation-in-fact cases, the Federal Circuit has defined elements of a petitioner's claim. Petitioners bear a burden to show by a preponderance of the evidence that the vaccination brought about their injury by providing:

(1) a medical theory causally connecting the vaccination and the injury;
(2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and
(3) a showing of a proximate temporal relationship between vaccination and injury.

Althen v. Sec'y of Health & Hum. Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005).

Petitioner did not propose a medical theory causally connecting the vaccinations with the injury. Petitioner did not provide an expert report or other reliable evidence connecting his vaccinations with his injuries. Petitioner stated that he understands that a decision by the undersigned dismissing his petition will result in a judgment against him. Pet'r's Mot., filed Oct. 27, 2025, at 1. Petitioner has therefore not met his burden under Althen.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master